UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THEODORE SIMPSON,

                                    Plaintiff,

        v.                                                                          9:25-CV-0545
                                                                                    (GTS/TWD)

ANN E. LORICCHIOANDOLA, et al.,

                                    Defendants.
_____

APPEARANCES:

THEODORE SIMPSON
Plaintiff, pro se
96-A-3862
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

HON. LETITIA JAMES                              SHAWN C. GRAHAM, ESQ.
New York State Attorney General                Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224


GLENN T. SUDDABY
Senior United States District Judge

**DECISION and ORDER**

**I.        INTRODUCTION**

        Plaintiff Theodore Simpson commenced this action by filing a pro se civil rights

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to

proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  By

Decision and Order entered on June 25, 2025, the Court granted the IFP Application,

reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b),

dismissed certain claims without prejudice, and found that plaintiff's Eighth Amendment

medical indifference claims against Doctor Loricchioandola, Doctor Solomon Sarra, and

Doctor Guzman survived sua sponte review.  *See* Dkt. No. 4 ("June 2025 Order").

Thereafter, plaintiff filed, among other things, an amended complaint.  Dkt. No. 20

("Am. Compl.").  By Decision and Order entered on December 9, 2025, the amended

complaint was accepted for filing, and the following claims survived sua sponte review: (1)

plaintiff's First Amendment retaliation claims against defendants Trone, Nurse Faulkner, and

Dr. Loricchioandola; and (2) plaintiff's Eighth Amendment medical indifference claims against

defendants Trone, Nurse T. Faulkner, Dr. Loricchioandola, Dr. Guzman, and Dr. Sarra.  Dkt.

No. 24.

Presently before the Court is plaintiff's motion for a preliminary injunction.  Dkt. No. 21

("Motion for Injunctive Relief").  Counsel has opposed the motion.  Dkt. No. 22.

## II.    MOTION FOR INJUNCTIVE RELIEF

### A.    Overview of Plaintiff's Motion for Injunctive Relief

Plaintiff seeks an order "direct[ing] (ALL) staff personnel [at Eastern Correctional

Facility] not to interrupt [his] medical care and M.A.T. treatment[,] [w]hich [he] receives

for extreme and chronic pain management, and other medically known chronic pain issues."

*See* Motion for Injunctive Relief at 1.  Plaintiff bases his request on allegations that

"a new trainee nurse falsified information" on October 17, 2025, which resulted in non-party P.A. Yarsoslava Milov "abruptly stop[ping]" plaintiff's medication "without consent" from plaintiff's primary care physician.  *Id*.  Plaintiff further states that non-party P.A. Yarsoslava Milov has also stopped his medication and threatened him in the past.  *Id*.

### B.   Analysis

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood  of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs*., 769 F.3d 105, 110 (2d  Cir. 2014) (quoting *Lynch v. City of N.Y*., 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd*., 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts*., 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc*., 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).  The

same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Upon review, plaintiff's motion is deficient for several reasons. First, plaintiff has failed to offer any admissible evidence in support of his claims of wrongdoing, which, by itself, is grounds for denying the requested relief. *See, e.g., Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."); *Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Fox v. Anthony*, No. 6:10-CV-839 (GTS/ATB), 2010 WL 3338549, at *2 (N.D.N.Y. July 15, 2010) ("Plaintiff has submitted no evidence, other than his own speculation that defendants ... will retaliate against him when they find out that he filed this law suit. The same claim could be made by any inmate who names corrections officers as defendants in any action."), *report and recommendation adopted by* 2010 WL 3338558 (N.D.N.Y. Aug. 23, 2010); *Groves v. Davis*, No. 9:11-CV-1317 (GTS/RFT), 2012 WL 651919, at *8 (N.D.N.Y.

4

Feb. 28, 2012) ("Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief.").

Second, plaintiff's request for injunctive relief is based on past harm he experienced on one occasion, and his apparent fear that he may experience similar harm in the future. However, injunctive relief cannot be based solely on past harm and speculative, remote or future injury. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (preliminary relief cannot be founded on irreparable harm that is "remote or speculative"). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Bisnews AFE (Thailand)*, 437 Fed. App'x at 58 (quoting *Faiveley*, 559 F.3d at 118); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)); *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) ("A preliminary injunction cannot be issued based [solely] on past harm."); *Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11, 2016) (same); *Agostini v. Backus*, No. 14-CV-6188, 2015 WL 1579324, at *3 (W.D.N.Y. Apr. 9, 2015) ("Plaintiff's request for injunctive relief must be denied, since Plaintiff's concern about future retaliation, even if sincere, is

speculative, and therefore is not sufficient to establish irreparable harm."); *Ward v. LeClaire*, No. 9:07-CV-0026 (LEK/RFT), 2007 WL 1532067, at *2 (N.D.N.Y. May 24, 2007) ("Plaintiff's request for injunctive relief against future threats or harassment by inmates and/or prison officials is too speculative to meet the irreparable harm requirement.").

Third, insofar as plaintiff seeks injunctive relief directing one or more officials to not interfere with his access to medication, the request is, in essence, a request that these officials obey the law. "Obey the law" injunctions are vague, do not require a defendant to do anything more than that already imposed by law, subject the defendant to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. As such, these injunctions are not favored. *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. New York State Division of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008). According to the Second Circuit, "'[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.'" *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) (quoting *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996)).

Fourth, insofar as plaintiff seeks injunctive relief against non-party officials who stopped or interfered with plaintiff's access to certain medication, a request for injunctive relief against non-parties is available only under very limited circumstances, none of which are clearly present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d

Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

For all of these reasons, plaintiff's request for injunctive relief is denied without prejudice.

III.    **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for injunctive relief (Dkt. No. 21) is **DENIED without prejudice** as set forth above; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the plaintiff.

**IT IS SO ORDERED**.

Dated:  December 29, 2025
        Syracuse, NY

Glenn T. Suddaby
U.S. District Judge